# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-779

**STATE OF LOUISIANA**

**VERSUS**

**SANDY NICOLE DELEON**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 14643-VC-2019
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**D. KENT SAVOIE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, D. Kent Savoie, and Jonathan W. Perry, Judges.

**VACATED AND REMANDED.**

**G. Paul Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, Louisiana 70598-2389**
**(337) 237-2537**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Sandy Nicole Deleon**

**Stephen C. Dwight**
**District Attorney**
**Fourteenth Judicial District**
**John E. Turner**
**Assistant District Attorney**
**Post Office Box 3206**
**Lake Charles, Louisiana 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**SAVOIE, Judge.**

Defendant, Sandy Nicole Deleon, was charged by bill of information with vehicular homicide while having a blood alcohol concentration of .08% or more, in violation of La.R.S. 14:32.1. After initially entering a plea of not guilty, Defendant subsequently pled guilty to the charged offense on November 29, 2021. On February 7, 2022, she was sentenced to thirty years in the Department of Corrections with all but fifteen years suspended. The first five years were to be served without the benefit of probation, parole, or suspension of sentence. Upon release from prison, Defendant was to be placed on probation for five years, subject to the general terms and conditions of La.Code Crim.P. art. 895 and the following special conditions:

> -$2,000 fine plus court costs
> -30 eight-hour days of community service
> -not drive any vehicle without an ignition interlock device
> -not drive any vehicle without a valid driver's license
> -no consumption of alcoholic beverages
> -submit to random drug and alcohol screens
> -"subject to electronic monitoring if determined to be by [her] probation officer"
> -pay a $60.00 monthly supervision fee and an $11.00 monthly technology fee
> -undergo an evaluation by the Office of Behavioral Health to determine the nature and extent of any substance abuse or use disorder and participate in any necessary treatment
> -complete a driver improvement program
> -complete five Victim Impact Panels, one for each year of probation
> -pay $500.00 fee to the Public Defender's Office

On February 14, 2022, the trial judge clarified the sentence in open court. He changed the thirty eight-hour days of community service to 480 hours. He also reduced the term of supervised probation from five to three years and changed the number of panels to be completed to match the number of years of probation. The trial judge further stated, in pertinent part:

But what's important about that is I want you, in this type of case, to do as many of those hours as possible, a minimum, doing prevention work. Talking to kids, talking - - you know, talking to other types of groups, talking to maybe college students, talking to maybe fraternities and sororities, talking to maybe civic groups, talking to high school kids, talking to drivers ed programs. There's a lot of people that you can talk to to tell them - - tell them what happened.

. . . .

And so I want you to use as much of that community service time - - in fact, I'd like for you to use all of it, okay. But of course, I do allow you to do some community service through church attendance, you know. If you bring your kids with you, you know, I'll give you extra time, extra credit for, you know, bringing your children with you to church. So you can get community service that way as well. But the thing is, I want you to use - - I want you to do, if possible, 75 percent of that time - - of those community service hours doing prevention. I want you to seek out groups to go talk to to say, hey, you know, this stuff is real, it happens.

. . . .

And of course on the other side of it, I'm not - - it looks like - - I thought I was able to give you five years of supervised probation, but it looks like I can only give you three. But what I am going to do is I'm going to say this up front, that I - - I want the records to reflect and the minutes to reflect that I, because I can only give you three years instead of five years, that I do not intend for there to be any - - you know, any compliance credit given, because I think three years of supervised probation is not any kind of a lengthy - - I mean, I don't think that's unreasonable under the circumstances to - - to do that. And you're going to need that time to get all that community service done anyway.

Defendant now appeals her sentence.

## FACTS

The factual basis provided at the guilty plea revealed that on or about March 17, 2019, state troopers responded to a two-vehicle crash on Interstate 10 westbound near milepost 15 in Calcasieu Parish. Upon their arrival, the officers saw that a red Dodge Charger had crashed into a barrier, and a Ford pickup truck was in the ditch on the side of the road. Through witness accounts at the scene,

and the later admission by Defendant, officers learned that Defendant was the driver of the Dodge Charger. When the driver of the vehicle in front of her hit their brakes, Defendant rear-ended the vehicle. Officers noticed an odor of alcohol on Defendant's breath and slurred speech and asked her if she had been drinking. She indicated that she had consumed several shots of alcohol, later admitting to having consumed at least six. She performed poorly on standardized field sobriety tests, and a subsequent breath test at the station indicated her blood alcohol content was .192. This accident resulted in the death of the victim, Ricky Broussard.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find two errors patent, one of which was raised by Defendant on appeal.

In defense counsel's brief to this court, although not assigned as a separate error, he contends that the community service element of Defendant's sentence is indeterminate in that the judge stated that doing 75% of the community service hours might be sufficient. Within the body of the excessive sentence assignment of error, defense counsel contends:

> However, the judge set a hearing on February 14th . . . that changed the community service from 30 to 480 hours, with at least 75% to be "speaking to groups about what happened to her in this case". The MADD Victim Impact Panel assignment was reduced from 5 to 3 based on the offense. . . . There are no particulars about this part of the sentence, no procedures, no referral to nonprofit sources of community service, and no clear direction on how to comply. . . . Certainly intervention is important, but there are questions about elements of the sentence. Particularly community service and public speaking, which the court has no structure for and which as a result may not be practical or possible.

Defendant is correct in her assertion that the trial court did not specify how much of the community service was required to be spent doing prevention. The court stated, in pertinent part:

> But what's important about that is I want you, in this type of case, to do as many of those hours as possible, a minimum, doing prevention work. . . . And so I want you to use as much of that community service time - - in fact, I'd like for you to use all of it, okay. . . . But the thing is, I want you to use - - I want you to do, if possible, 75 percent of that time - - of those community service hours doing prevention.

Additionally, although not raised by Defendant on appeal, another part of the community service order is also indeterminate: "[i]f you bring your kids with you, you know, I'll give you extra time, extra credit for, you know, bringing your children with you to church. So you can get community service that way as well." It is unclear how much "extra time, extra credit" toward her community service hours will be given to Defendant if she brings her children to church with her.

Addressing a different error, this court has required remand for resentencing when there is indeterminacy regarding conditions of probation:

> We find that the trial court's imposition of 250 hours of community service without stating whether it applied to one count or both counts rendered the sentences indeterminate. This court addressed a similar indeterminate sentence in *State v. Williamson*, 22-657, pp. 9-12 (La.App. 3 Cir. 4/5/23), 364 So.3d 572, 578-80, *writs denied*, 23-628, 23-643 (La. 11/8/23), 373 So.3d 68, 373 So.3d 68:

> > The sentences imposed are indeterminate because the trial court ordered the payment of restitution "to the victim in this matter" without specifying to what count or counts the restitution order applied.

> > . . . .

> > In *State v. Pope*, 19-670, (La.App. 3 Cir. 6/10/20), 299 So.3d 161, *writ denied*, 20-852 (La. 10/6/20), 302 So.3d 532, this court found the trial court imposed indeterminate sentences when it failed to specify on which count or counts it imposed several terms of the

4

sentence, including restitution. *See also State v. Duhon*, 20-513 (La.App. 3 Cir. 5/26/21), 322 So.3d 326, where this court found the defendant's sentences were indeterminate because the trial judge failed to state on which count or counts restitution was imposed.

We further note that in *State v. Brown*, 19-771 (La. 10/14/20), 302 So.3d 1109, the supreme court announced a new rule concerning indeterminate sentences. The indeterminate sentence in *Brown* involved the trial court's failure to specify whether the concurrent, sixty-year terms of imprisonment for three counts of armed robbery with a firearm included the mandatory five-year sentence enhancement required by La.R.S. 14:64.3(A). The court of appeal vacated the sentences and remanded for resentencing; however, the supreme court found error by the court of appeal and stated the following regarding the purpose of La.Code Crim.P. art. 879's requirement that determinate sentences be imposed:

> The court of appeal erred in finding the sentences were indeterminate as an error patent. The 1926 indeterminate sentence law provided that, except as to certain enumerated offenses, the sentence imposed should include both a minimum and a maximum term. *See* 2916 La. Acts 222. Under this law, after serving the minimum term of his sentence a prisoner was eligible for parole. To remedy confusion over the correct interpretation and application of this law, Article 529 of the Code of Criminal Procedure was amended in 1942 to require determinate sentences of fixed terms of imprisonment. *See* 1942 La. Acts 46.

> At present, [La.Code Crim.P.] art. 879 continues to require that a term of imprisonment be a fixed number of years by providing that "[i]f a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence." This article is routinely misapplied by the intermediate appellate courts to find determinate, fixed term sentences to be indeterminate when a district court has not specified that five years of a fixed sentence result from the firearms enhancement provision of La.R.S.

5

14:64.3(A). The intermediate appellate courts vacate such sentences in errors patent review. [Citations omitted.]

As a rule of thumb, however, if it is possible to calculate a parole eligibility or full-term release date, then the sentence is not indeterminate. While it is possible that defendant's sentences did not include the firearms enhancement and were therefore illegally lenient, they were not indeterminate. Furthermore, the State did not complain on appeal that the sentences were illegally lenient. Therefore, the court of appeal erred in finding as an error patent that they were indeterminate and in vacating them, absent any complaint by the State that the district court failed to apply the mandatory firearms enhancement.

*Id*. at 1110 (alteration in original)(emphasis in original).

*Brown*, however, does not address the problems that may arise in the present case if the sentences were allowed to remain as they were imposed. For instance, the trial court's failure to specify on which count or counts restitution is imposed could be problematic in the event one of the counts is vacated. Depending on which count is vacated, it may be unclear as to whether the restitution order is vacated as well. Additionally, in *Duhon*, 322 So.3d 326, this court found the sentences were indeterminate despite counsel's argument that the trial court's intent could be discerned from the record.

As this court did in *Pope* and *Duhon*, we hereby vacate the sentences imposed, remand for the imposition of determinate sentences, and specifically instruct the trial court to specify on which count or counts the restitution order applies.

We find that the present case is also distinguishable from *Brown*. In addition to the problem of not knowing to which count the community service hours would apply if one of Defendant's convictions were vacated, it is also unclear in this case whether the trial court intended for Defendant to complete a total of 250 hours of community service or complete a total of 500 hours of community service (250 on each count). The trial court stated that it wanted Defendant to complete a heavy amount of community service. The trial court further ordered the probation periods to run consecutively. Thus, the trial court may have intended for Defendant to complete 500

hours over the six-year period of probation. Since Defendant's failure to fulfill a condition of probation could result in the revocation of her probation, it is important for Defendant to be aware of the requirements.

Such an error typically requires that the sentence be vacated and the matter remanded for resentencing. As discussed below, we find merit to the State's assignment of error regarding the sentence imposed for attempted second degree murder, requiring that sentence to be vacated and remanded for resentencing. Thus, the error patent regarding the indeterminate condition of probation is moot as it pertains to the attempted second degree murder sentence. Since the State does not challenge the sentence imposed for aggravated battery, however, the error patent is not moot as to that sentence. Accordingly, we vacate the sentence for aggravated battery as indeterminate and remand the matter for resentencing on that count. If probation is imposed on one or both counts, we instruct the trial court to specify whether any conditions imposed apply to one or both counts.

*State v. Portalis*, 23-395, pp. 5–7 (La.App. 3 Cir. 12/6/23), 375 So.3d 1113, 1119–21 (alterations in original) (footnote omitted).

Accordingly, Defendant's sentence is vacated, and the case remanded for resentencing for correction of the indeterminacies discussed above.

Defendant additionally contends that the Uniform Commitment Order is not accurate as it erroneously stated that the amount of time to be served without benefit of parole, probation, or suspension of sentence is five years instead of three. The State correctly notes that the trial court changed the *probationary* term to three years, not the number of years to be served without benefits. Accordingly, we find no merit in this claim.

As for defense counsel's contention on appeal that there are no procedures or referral to nonprofit sources of community service, clear direction on how to comply, nor court structure for community service, we are unsure of what error she is alleging the trial court committed. The trial judge indicated that the prevention work he included as part of her community service included talking to kids,

7

groups, college students, fraternities and sororities, civic groups, talking to driver's education programs. Accordingly, this contention has no merit.

## ASSIGNMENT OF ERROR

Defendant contends the trial court imposed an excessive sentence where it did not sufficiently consider her military service, lack of prior offenses, and remorse for the accident. As this assignment of error concerns the excessiveness of the term of the sentence imposed, it is pretermitted by our determination in the errors patent section above.

## DECREE

Defendant's sentence is vacated, and the case is remanded for resentencing.

**VACATED AND REMANDED.**